United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40554
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SALVADOR OSORTO-FORTIN, also known as Salvador Fortin,
also known as Jose Osorto Martinez, also known as
Salvador Fortin, also known as Hugo Ortiz Solis,
also known as Salvador Osorto, also known as Pedro Gonzalez,
also known as Salvador Osorto Fortin,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-649-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

     Salvador Osorto-Fortin appeals his guilty-plea conviction

for being an alien unlawfully found in the United States after

deportation, having previously been convicted of an aggravated

felony, in violation of 8 U.S.C. § 1326(a) and 1326(b).

     Osorto-Fortin challenges the constitutionality of § 1326(b).

His constitutional challenge is foreclosed by Almendarez-Torres

-----

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. United States, 523 U.S. 224, 235 (1998).  Although Osorto-Fortin contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Osorto-Fortin properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.